## Parker *v.* Boyd.

### Opinion delivered April 28, 1913.

Sale of chattel—fraudulent representations—rescission.—In order to entitle plaintiff to rescind a trade of a horse on the ground of false representations by the defendant, there must appear some representation of a material fact concerning the horse upon which plaintiff relied and which was understood by the parties as an absolute assertion concerning the condition of the horse, and not the mere expression of an opinion.

Appeal from Yell Circuit Court, Dardanelle District; *Hugh Basham,* Judge; affirmed.

*John M. Parker* and *Bullock & Davis,* for appellant.

1. The court erred in its charge to the jury. The false representations of defendant inducing the trade, and the concealment of latent defects avoided the sale. 22 Ark. 521; 24 Mo. 223; 27 *Id.* 530; 8 Am. & E. Enc. L.

794, 795 (1 ed.); 12 *Id.* 932-3, note 2; 1 Benjamin on Sales, p. 415, note 3; 80 A. & E. Enc. L. 802, 804 (1 ed.); 22 Ark. 454; 31 *Id.* 174; 30 Id. 691; 71 *Id.* 309; 20 Cyc. 117; 8 A. & E. Enc. L (1 ed.), 818; 92 U. S. L. Ed., Book 23, p. 471.

*Priddy & Chambers,* for appellee.

This case was submitted to the jury on proper instructions and the verdict is sustained by the evidence. The questions of fraud and deceit are settled by 38 Ark. 334; *Ib.* 344-5; 46 *Id.* 245; 47 *Id.* 148; 101 *Id.* 603; 98 *Id.* 44.

HART, J. This suit was commenced before a justice of the peace by John M. Parker against John Boyd to recover a horse which Parker alleges he exchanged with Boyd for a gray mare. He alleged that he was induced by the defendant to make the exchange by false and fraudulent representations that the mare was sound and that the mare turned out to be unsound. Upon appeal to the circuit court there was a trial anew by a jury and a verdict and judgment in favor of the defendant. The plaintiff has appealed.

The testimony on the part of the plaintiff was that Parker and Boyd talked about making the exchange two or three times before it was made. Parker says that he could not see anything wrong with the mare and that she looked like she was worth $125 or $150. That Boyd told him there was nothing wrong with the mare and that she was safe in every respect. Parker and Boyd traded late in the afternoon and Parker turned the mare in a pasture. She was in foal and lost her colt that night. The next morning Parker was informed that three of the grinder teeth of the mare had been pulled out before he traded for her. On the same day he went to Boyd and offered to return the mare and demanded his horse back.

Other testimony tends to show that the mare was suffering with chronic indigestion at the time Boyd traded her to Parker. Both the veterinary surgeon and a former owner of the mare testified to this fact. They said the mare did well enough when her food was ground

but that special attention had to be paid to the preparation of her food in order to prevent her from having indigestion. The former owner of the mare said that he had told Boyd of this fact. The veterinary surgeon said that the mare in the condition she was in when she was traded was worth about one hundred dollars and the horse was worth a like amount. He said the fact that a horse had lost three of its jaw teeth did not class it as unsound. The mare died from acute indigestion on the night before the trial in the justice court, while she was still in the possession of the plaintiff.

Boyd admitted that he had told the plaintiff that he considered the mare sound and says that he did this in good faith. He denies that the former owner of the mare had told him that the mare suffered from chronic indigestion, and said that during the two months he owned the mare she never suffered indigestion and had no trouble in masticating her food. He said that he knew that she had lost two of her teeth but did not regard this as rendering her unsound and on this account told the plaintiff that he considered her sound. The law of the case is well stated in *Hunt* v. *Davis,* 98 Ark. 44, where the court said:

"The principles on the subject of fraud which are applicable to contracts for the sale of property generally apply likewise to contracts for the sale of shares of stock. In order to charge the seller with fraud, it must be shown that he has made an active attempt to deceive the buyer relative to some matter material to the contract, either by statements which he knows to be false or by acts, conduct or representations which suppress the truth and induce in the buyer a false impression. Representations which are considered fraudulent in law must be of a nature that are material to the contract, and 'must be made by one who either knows them to be false or else, not knowing, asserts them to be true, and made with the intent to have the other party act upon them to his injury, and such must be their effect.' "

The court instructed the jury in effect that fraud consists in the misrepresentation or concealment of a material fact calculated to deceive and mislead the opposite party, and further told them if they believed that the defendant made the plaintiff any false representations or used any deceit as an inducement to the making of the trade or concealed from the plaintiff any latent defect in the animal traded him that they must find for the plaintiff. The plaintiff complains that the court refused to give certain instructions asked for by him. We do not deem it necessary to set out these instructions. They all in effect asked the court to tell the jury if they believed that the animal traded by the defendant to the plaintiff was unsound in that she had lost her grinder teeth at the time the trade was made or that she was suffering with chronic indigestion and the defendant knew of this and failed to disclose it to the plaintiff, that this was such a concealment of a latent defect as entitled plaintiff to avoid the contract. In short, the instructions asked and refused in substance asked the court to tell the jury, as a matter of law, that the fact that the mare had lost her grinder teeth rendered her unsound and that this, coupled with the further fact that the defendant knew of it, would entitle plaintiff to rescind the trade. This is not the law. The contract in this case was by parol, and the court properly submitted it to the jury for them to find whether the representations made by the defendant to the plaintiff in regard to the soundness of the mare were intended and understood by the parties as the representation that the mare was sound or whether they were intended as mere expressions of opinion. In order to entitle plaintiff to rescind the trade there must have been some misrepresentation of a material fact concerning the mare which the plaintiff relied upon and which was understood by the parties as an absolute assertion concerning the condition of the mare and not the mere expression of an opinion.

The jury found for the defendant under instructions which fairly submitted the contention of both sides, and,

under the uniform decisions of this court, the verdict must be upheld.

The judgment will be affirmed.